[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Katherine Wright commenced this action claiming a dissolution of her marriage to the defendant Earl D. Wright, custody and support of the minor child Julie A. Wright, born June 24, 1988, alimony, and the assignment of all or a just and equitable portion of the defendants estate including Real Estate located in Chester, Connecticut, counsel fees and such other orders and relief as applied by the court of equity. The trial of this matter was held on April 5, 1994, and the court finds the following facts as proved:
1) The parties defendant intermarried at Guilford, Connecticut on November 21, 1981.
2) The plaintiff resided continuously in the state of Connecticut for at least one year prior to the commencement of this action.
3) The marriage is broken down irretrievably.
4) The parties have one minor child issue of this marriage, Julie a. Wright, born June 24, 1988.
5) The parties have been separated since May of 1993.
6) The marital residence was a four family home in which the defendant was residing at the time of trial, but it is expected at this date and time that he has vacated the premises. Both parties agreed in their testimony that the marriage has broken down and the cause while difficult to determine probably lies primarily with the defendant who engaged in the building construction business at a time when it was suffering from deep recession and created a great many financial difficulties and problems for the marriage.
7) The plaintiff is thirty nine years old and this is her first marriage. She is presently employed in the family business in Guilford and earns a gross pay of $387.16 a week and a net weekly wage of $308.94. She is in good health and does not suffer from any illness and the defendant is forty eight years CT Page 5600 old and this is his second marriage. He is employed as a computer salesman and service man and earns a gross weekly pay of $500.00 per week and a net weekly pay of $388.78, he also receives additional funds totaling $32.00 a week giving him a net weekly income of $410.78.
8) The parties have basically no assets. They do own real estate at 31-33-35 High Street, Chester, Connecticut but according to the affidavit and testimony of both parties this real estate is in encumbered by mortgages exceeding its value. It has a net negative value of somewhere between $24,000 and $30,000. The parties also owned two lots, lots number 1 and 4 at Railroad Avenue, Chester, which have a value a great deal less than the mortgage indebtedness and they have reached an agreement to deed the lots in lieu of foreclosure and this is either being done or has been carried out, there is however, no equity in those two lots. The plaintiff had cash in two bank accounts totalling $2,265.00 and other miscellaneous household furnishings. The defendant has approximately $70.00 in the checking account and miscellaneous other personal property of approximately $5,000.00.
The parties are agreeable to joint custody of the minor child with primary physical residence with the plaintiffs mother. After reviewing all of the facts found, the evidence presented in the statutory criteria has set forth in Connecticut General Statute Sections 46b-81, 46b-82 and 46b-84, the court enters the following orders:
A) The marriage is dissolved
B) Joint custody of the minor child, Julie A. Wright is awarded to both parties with the primary physical residence to be with the plaintiff mother. Reasonable rights of visitation are granted in the favor of the father and shall include, but not limited to the following:
A) Every other weekend from Friday at 6:00 p.m. until Sunday at 5:00 p.m.
B) Every Wednesday from 5:00 p.m. until Thursday morning at 8:00 a.m. The child is to be returned on Thursday morning to either the mother, mothers residence or the school at the mothers choice. CT Page 5601
C) The defendant shall confirm his visitation with a minimum of twenty four hour notice to the plaintiff, and the defendant shall transport the child to and from visitation. If the defendant is more than one hour late for any visitation that visitation is considered to be cancelled and the plaintiff shall not be required to offer makeup visitation to the defendant.
D) Each party shall be entitled to two weeks of summer visitation with the child and the defendant shall notify the plaintiff in writing by June 1 of each calendar year of his choice of weeks. The parties shall alternate February and April school vacations and shall also alternate Easter and Thanksgiving Holidays. The child shall be with the plaintiff every Christmas from December 24 to December 25 till twelve noon and with the defendant father on December 25 at twelve noon until December 30 at 10:00 a.m.
E) The defendant shall pay as child support to the plaintiff the sum of $108.16 per week.
F) The defendant shall quit claim to the plaintiff all of his right title and interest into real estate located at 31-33-35 High Street, Chester, Connecticut. The defendant shall vacate the premises on or before June 1, if he has not already done so. He shall be entitled to remove only his personal belongings from the unit he is occupying and shall leave all of the appliances, rugs, carpets, etc.
G) The plaintiff shall maintain health insurance for the benefit of the child and the parties shall share equally the cost of any unreimbursed or uninsured health care expenses including but not limited to medical, dental, orthodontic, optometry and therapeutic that incurred on behalf of the child.
H) The defendant shall pay to the plaintiff the sum of $3,183.00 with represents rent due on the premises which he occupied through April 30, and a reimbursement of $166.50 for his automobile taxes which were paid by the plaintiff. This sum shall be repaid at the rate of $42.00 per week commencing June 3.
I) The defendant shall also pay 1/2 of the following debts listed on Schedule B of the plaintiff Prudential Realty; American Express; Tom Kablich; Chase Manhattan; Douglas Anderson and Sam Feldman. CT Page 5602
J) The defendant is also ordered to pay as alimony the sum $1.00 per year. The defendant shall also be responsible for all tax liability due from both parties for the calendar years 1991, 1992, and 1993. It is understood by the court based on the evidence that it heard that the 1993 tax return has not been filed and both parties are hereby order to cooperate and execute such documents as are necessary to file the 1993 joint tax return. The defendant is further ordered within the next thirty days to supply either the originals or copies of his checking account records for the past six months together with an affidavit stating that those are the true and correct records and complies all of the checking account records.
The court makes no order regarding counsel fees.
O'CONNELL, J.
Judgment enters in accordance with the foregoing Memorandum of Decision Felicia Santostefano, Assistant Clerk